IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br>  Plaintiff, <br><br>  v. <br><br> CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS HOLDINGS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY LLC, CHARTER COMMUNICATIONS OPERATING, LLC, BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendants. | Misc. No. 20-5-RGA |

MEMORANDUM ORDER

Sprint filed a motion to compel in relation to a subpoena to an individual, Craig Cowden. The subpoena is overbroad, and Cowden is a third party in terms of the subpoena, which seeks his personal records. More significantly, to me at least, is that Sprint already has the information that it says is relevant to its willfulness case, which is, "a large number of Sprint documents, designated confidential and/or privileged, [which] were found on the Charter work computers of Cowden and Woelk." (D.I. 16 at 2).[1] Woelk's Sprint documents were apparently kept in a file folder named, "Sprint – My Documents." (D.I. 24 at 2). How Cowden's Sprint documents were

---

[1] Sprint suggests other things the subpoena could help it learn "to fully understand the scope of Mr. Cowden's actions," such as "the documents [Cowden] took from Sprint, [and] the resulting harm to Sprint." As much as I am sure that Sprint would like to do that, it seems irrelevant to Charter's willfulness.

kept is unclear.  Between Cowden and Woelk, they had about 3,500 Sprint documents.  (*Id.* at 3).  Thus, the motion to compel (D.I. 1) is **DENIED**.

Sprint is going to depose Cowden.  The deposition has spawned a separate dispute over whether Sprint should be required to produce documents to deponent Cowden in advance of the deposition.  (D.I. 24, 25, 27, 29).  It seems clear to me that the main purpose of the deposition is to obtain testimony that will be attributed to Defendants inasmuch as Cowden is an employee of Defendants.  Sprint suggested a compromise (D.I. 24, Exh. B. at 3), which, with a little tweaking, seems to appropriately balance the competing interests.   As I modify them, they are:

1.  Counsel for Cowden will be provided the non-privileged documents from Woelk's "Sprint – My Documents" folder and Cowden's computer at least fourteen days before the deposition;

2. Counsel and client will sign the relevant protective order;

3. Sprint will not use non-produced (i.e., privileged) documents from the "Sprint – My Documents" folder and any non-produced documents from Cowden's computer at the deposition;

4. The deposition will not exceed seven hours but will count against party deposition time limits (which are extended if necessary to accommodate the seven hours allotted here); and

5. If Sprint has other documents besides documents from the "Sprint – My Documents" folder or from Cowden's computer, it does not have to disclose them before the deposition.

IT IS SO ORDERED this  12th  day of August 2020.[2]

/s/ Judge Richard G. Andrews
United States District Judge

---

[2] Sprint's unopposed motion to restrict confidential exhibits (D.I. 4) is **GRANTED**.